911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Leon ROLLE, Defendant-Appellant.
 No. 89-5234.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1990.
Decided July 19, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Richard L. Williams, District Judge. (CR-89-201)
 Timothy F. Cogan, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W.V. (Argued), for appellant; William C. Gallagher, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W.V., on brief.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, W.V. (Argued), for appellee; William A. Kolibash, United States Attorney, Wheeling, W.V., on brief.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Steven Leon Rolle appeals his convictions of engaging in a continuing criminal enterprise, 21 U.S.C.A. Sec. 848 (West Supp.1990), conspiracy to possess with intent to distribute cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1990), interstate transportation in aid of racketeering, 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1990), possession with intent to distribute cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981), distribution of cocaine within 1,000 feet of a public school, 21 U.S.C.A. Sec. 845a(a) (West Supp.1990), and conspiracy to defraud the United States, 18 U.S.C.A. Sec. 371 (West 1966).* He also appeals his sentence, contending that the district court erred by imposing separate sentences for both the section 848 conviction and the section 846 conviction. Except for the section 846 conviction and sentence, which we vacate, we affirm.
 
 
 2
 In addition to sentencing Rolle to 35 years imprisonment for the section 848 conviction, the district court imposed a 20-year concurrent sentence and a $50 special assessment for the section 846 conviction. In United States v. West, 877 F.2d 281, 292 (4th Cir.), cert. denied, 110 S.Ct. 195, 110 S.Ct. 377 (1989), 110 S.Ct. 1113 (1990), we vacated a 10-year sentence for a section 846 conviction that was imposed concurrently with a sentence under section 848. See also United States v. Porter, 821 F.2d 968, 978 (4th Cir.1987) (setting aside concurrent sentence for section 846 conviction because Congress did not intend an individual to be separately punished for violations of both sections 846 and 848), cert. denied, 485 U.S. 934 (1988). These decisions are dispositive and compel us to vacate Rolle's section 846 conviction and sentence.
 
 
 3
 After sentencing but during the same proceeding, the district court realized its error and ordered the sentence for the section 846 count vacated and directed the clerk to make the correction. Apparently because of scrivener's error, the judgment does not reflect this directive. Accordingly, we order that Rolle's section 846 conviction be set aside, the sentence vacated, and the $50.00 special assessment abated. In all other respects, the judgment of the district court is affirmed.
 
 
 4
 AFFIRMED IN PART AND VACATED IN PART.
 
 
 
 *
 Rolle contends that (1) the section 848 charge in the indictment did not sufficiently inform him of the five or more other persons with whom he acted in concert or the three acts that were part of the continuing series of violations, (2) his acquittal on one count of the indictment was inconsistent with his convictions on two other counts, (3) there was insufficient evidence to support his convictions on certain counts, (4) the district court erred by permitting the government to introduce (a) gun and drug paraphernalia, (b) evidence of his arrest by Virginia authorities, and (c) hearsay testimony, and (5) the district court improperly endorsed plea bargaining in its jury instructions. After considering the arguments of counsel and carefully reviewing the record, the briefs, and the law, we find these contentions to be without merit